IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 25-cv-1915-SMY |
| vs. | ) ) |
| PAUL G. DOUCETTE, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Defendant Paul G. Doucette was charged with several traffic violations in the Twentieth Judicial Circuit, St. Clair County, Illinois. He removed this criminal action from state court under 28 U.S.C. § 1445 and 28 U.S.C. § 1331, asserting the criminal case presents questions arising under the constitution and laws of the United States (Doc. 3). Pursuant to its obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008)), the Court has reviewed the Notice of Removal in this case.

"Section 1455 provides the procedures that must be followed when removing a criminal case from state court; it does not provide a criminal defendant with the right to do so." *Illinois v. Sadder-Bey,* No. 17-cv-4999, 2017 WL 2987159 (N.D. Ill. July 13, 2017). Here, although Doucette correctly identified § 1455 as the statute that provides the procedure for removing a state criminal case to federal court, the only other statute he identifies, § 1331, is inapplicable.

Under Section 1331, "district courts shall have original jurisdiction of all ***civil actions*** arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Although other statutes allow for the removal of criminal actions against certain classes

of persons under certain circumstances – for example, criminal cases against federal officers (28 U.S.C. § 1442), criminal cases against members of the armed forces (28 U.S.C. § 1442a), and cases arising under a law that provides for "civil rights stated in terms of racial equality" (28 U.S.C. § 1443(1) – Doucette does not identify any facts indicating he falls within any class of persons that can remove criminal cases.

Accordingly, the Court finds that it does not have proper subject matter jurisdiction over this matter and is obligated to **REMAND** the case back to the Twentieth Judicial Circuit, St. Clair County, Illinois. Doucette's motion to proceed in forma pauperis (Doc. 4) is **TERMINATED as MOOT.**

**IT IS SO ORDERED.**

**DATED: February 19, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**